INTERNATIONAL PROPRIETARIES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26230. Promulgated April 28, 1952.

*Richard F. Barrett, Esq.*, for the petitioner.
*William C. W. Haynes*, for the respondent.

**OPINION.**

ARUNDELL, *Judge:* The sole question before us is whether the Commissioner abused his discretion in disallowing a partially worthless debt deduction in the amount of $7,500 claimed by the petitioner for the taxable year 1946. Section 23 (k) (1), Internal Revenue Code.

Section 23 (k) (1), the statutory provision relied on by the petitioner, allows deductions for worthless debts and, in addition, permits deductions for partially worthless debts in language worded as follows: "* * * and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction."

The Commissioner's disallowance was based in part on his conclusion, controverted by the petitioner, that the sum sought as a partially worthless debt deduction was not "charged off" as required by section 23 (k) (1) and was not apportioned to specific debts as required by his Regulations 111, section 29.23 (k)–1. The Commissioner, in effect, concedes that the debtor-creditor relationship was bona fide and that the debts were worthless to the extent of at least $7,500.

A charge-off by the taxpayer is no longer required for the deduction of worthless debts, but in the case of a partially worthless debt the

deduction is permitted only to the extent that the taxpayer executes a proper charge-off. The charge-off prerequisite to deductions for partially worthless debts was inadvertently eliminated by the Revenue Act of 1942 but was quickly reinstated by the Revenue Act of 1943 and made retroactive to taxable years beginning after December 31, 1938. Senate Finance Committee Rept. No. 627, 78th Cong., 1st Sess., pp. 20, 43; H. Rept. No. 1079, 78th Cong., 2d Sess., pp. 41–42. Under this provision, the allowance of deductions for partially worthless debts is "committed to the discretion of the Commissioner and his judgment is controlling unless it is plainly arbitrary or unreasonable." *Wilson Bros. & Co.* v. *Commissioner*, 124 F. 2d 606, 609; *Stranahan* v. *Commissioner*, 42 F. 2d 729, certiorari denied 283 U. S. 822.

The deduction claimed by the petitioner was for debts of its two wholly-owned subsidiaries. The indebtedness of each was recorded in separate accounts receivable on the petitioner's books of account.

On December 27, 1946, the petitioner's board of directors voted to charge off $7,500 of the total indebtedness due from the two subsidiaries and directed that the petitioner's surplus account be reduced by that amount. The board of directors did not indicate in what account the corresponding credit should be entered; it did not refer to the two accounts receivable or the specific debts or in any way indicate how the $7,500 sum was to be apportioned to the two specific debts.

In fact, no entry was made in these two accounts receivable. The surplus account was reduced as directed and the only other change in the petitioner's books of account was an increase in a reserve account, similar to a reserve for bad debts account, although the petitioner did not employ the reserve method for deducting worthless debts. There was no reduction of the assets on the petitioner's books of account and no evidence of the extent to which the $7,500 sum applied to one or the other of the two specific debts.

Certainly this procedure did not comply with the statutory requirement that there be charge-offs, or the Commissioner's regulations which provide that "Partial deductions will be allowed with respect to specific debts only," Regulations 111, section 29.23 (k)–1, and we therefore cannot conclude that the respondent abused his discretion in disallowing the deduction.

The requirement that a taxpayer seeking a deduction for partially worthless debts must charge off specific debts is a reasonable one based on realistic necessities and is not a mere technicality. The Congress in re-enacting the partially worthless debt provision as presently worded has indicated its insistence that the charge-off be the criterion that determines the year in which the deduction for partially worthless debts is to be allowed. Furthermore, as illustrated by the facts of the instant case, unless there is a charge-off of specific debts the extent to which the petitioner will realize income if perchance the

indebtedness of one of the subsidiaries is later recovered in full will be difficult, if not impossible, to ascertain. A similar problem as to the determination of basis may arise if the petitioner sells one of these open accounts.

The conclusion we have reached here is supported also by two of our most recent decisions relating to the prerequisites to the partially worthless debt deduction. *Capital National Bank of Sacramento*, 16 T. C. 1202. *Commercial Bank of Dawson*, 46 B. T. A. 526. In the latter case, in disallowing a partially worthless debt deduction, where a similar procedure of merely increasing a reserve account was resorted to by a taxpayer who had regularly employed the specific charge-off method for deducting worthless debts, we stated:

* * * [this procedure] did not "effectually eliminate the amount of the bad debt from the book assets of the taxpayer." * * * there is no authorization for a taxpayer to use at the same time a charge-off and a reserve method for the deduction of bad debts. * * * A taxpayer on the charge-off system can only comply with the statute by specific charge-off; and a reserve can not exist in such a system as an over-all general treatment disregarding specific items, even if properly created in the first instance. * * * It follows that petitioner did not charge off these items, as it was required to do, and the deduction must be disallowed.

*Malden Trust Co.* v. *Commissioner*, 110 F. 2d 751, decided by the Court of Appeals for the First Circuit, was a case where the sufficiency of the charge-off of a debt ascertained to be worthless was before the court. In affirming our decision, the court said:

We agree with the Board that the taxpayer must eliminate the debt as an asset on its books in order to comply with the statutory requirements of charge-off.

The decision we reach here will not necessarily be of ultimate disadvantage to the petitioner. The benefit of the deduction as either a partially or completely worthless debt may still be available to it in later years. *Moock Electric Supply Co.*, 41 B. T. A. 1209; *E. Richard Meinig Co.*, 9 T. C. 976; see *Commercial Bank of Dawson*, *supra*.

*Decision will be entered for the respondent.*